ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

GREGG W. LOWDER (CABN 107864)
Assistant United States Attorney

  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102-3495
  Telephone: (415) 436-7044
  FAX: (415) 436-7234
  Email: Gregg.Lowder@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. |
|---|---|
| Plaintiff, | ) |
| v. | ) **COMPLAINT FOR CIVIL FORFEITURE** |
| APPROXIMATELY $38,800 IN U.S. CURRENCY, | ) |
| Defendant. | ) |

**NATURE OF THE ACTION**

1. This *in rem* forfeiture action is authorized by 21 U.S.C. § 881(a) and 18 U.S.C. § 981.

2. This Court has jurisdiction under 28 U.S.C. §§ 1345, 1355(a), 21 U.S.C. § 881(a), and 18 U.S.C. § 981.

3. This action is timely filed in accordance with 18 U.S.C § 983(a)(3)(A).

4. Venue is proper because the defendant currency was seized in the Northern District of California and is currently in this district. 28 U.S.C. §§ 1355(b), 1395.

**PARTIES**

5. Plaintiff is the United States of America.

6. The defendant is the asset listed below:

- Approximately $38,800 in U.S. currency (Asset ID 18-DEA-635544) seized at the San Francisco International Airport on or about October 4, 2017 ("defendant currency").

**FACTS**

7. In the evening of October 4, 2017, Ayaz Ansari, Mohammed Zaman, and a 17-year-old juvenile arrived at the San Francisco International Airport ("SFO"). All three had traveled together on one-way tickets from Baltimore to SFO with a layover in Chicago. Three luggage bags were checked through on their one-way tickets, and at approximately 10:25 p.m. the checked bags began to arrive at American Airlines baggage carousel #1. Ansari and the 17-year-old juvenile approached the carousel while Zaman walked outside. At the carousel, Ansari claimed two bags. The juvenile retrieved one bag. They walked towards the airport exit.

8. Ayaz Ansari, 26 years old, has numerous arrests and convictions for controlled substances offenses and drug trafficking. His criminal rap sheet reflects he has been arrested 14 separate times in Maryland and the District of Columbia. Four of those arrests relate to marijuana and distribution offenses. In 2015, following one of his marijuana-related offenses, Ansari was sentenced for a felony violation of possession of a controlled substance with the intent to distribute it. In 2016, while records indicate he was likely still on probation for the 2015 conviction, Ansari was again convicted for a marijuana offense.

9. Ansari, working with people who do not have a criminal record, has previously had large amounts of cash forfeited by law enforcement because it was money involved in marijuana trafficking. In Maryland on November 20, 2013, Maryland State Police stopped a car traveling northbound on Interstate 95 in which Ansari was the only passenger. The police detected the residual odor of marijuana and found $21,020 in cash in a backpack on the seat behind Ansari. The cash was bundled in $1,000 stacks and then rubber banded into $10,000 bundles. The vast majority of the bills – 826 – were twenty-dollar bills, the standard currency used in street-level drug deals. A trained police canine alerted to the currency, indicating the odor of a controlled substance was emanating from the currency. The Maryland police noted that, while possessing $21,020 in cash, Ansari claimed his annual earnings approximated only $20,000 to $25,000 a year. The police also noted that Ansari had already been arrested six times

for drug offenses, while the 19-year-old driver had no record. The $21,020 in cash was seized for forfeiture. A United State District Judge ordered the cash forfeited to the United States government in a civil forfeiture action that alleged the money was involved in drug trafficking. Ansari made no claim to contest that the money was involved in drug trafficking. Only the driver, who had no criminal record, made an initial claim but shortly dropped it.

10. Six months earlier, on June 27, 2013, Ansari was arrested in Baltimore, Maryland, along with two other men who admitted they were actively trafficking marijuana. At the time, Ansari admitted to the officers that he had just been arrested four days earlier for another marijuana offense and stated that he was currently on probation for a marijuana distribution offense. Ansari had five ounces of marijuana, an amount indicative of trafficking, and police arrested him, concluding that he was "clearly" involved in the marijuana trafficking. Along with scales and packaging used in marijuana trafficking, the police also seized $18,875 in cash from one of the men arrested with Ansari. The man who carried the $18,875 in cash had no criminal record, like the 19-year-old driver above. He originally claimed the money belonged to Ansari. The officers seized the money as the proceeds of marijuana trafficking. Ansari made no claim to assert the money was not involved in marijuana trafficking. The money was ordered forfeited to the United States government.

11. On October 4, 2017, when Ansari arrived at SFO traveling with Zaman and the 17-year-old juvenile, he was with two people who, according to police databases, had no criminal records.

12. San Francisco is a source city for several controlled substances, including marijuana. It is common for marijuana grown in northern California to be exported illegally to states across the country. SFO is a common entry point for cash being brought into the state to exchange for marijuana and other controlled substances that are exported illegally from the state. It is not uncommon for marijuana to be transported in the same bag that also transports the cash being paid for it.

13. After Ansari claimed two of the luggage bags at the baggage carousel and the 17-year-old grabbed the third, they walked towards the exit. DEA Task Force agents approached the two and introduced themselves, told them they were not under arrest and free to leave, and asked them if they could speak to them. Both agreed.

14. Ansari ultimately said he had $60,000 in cash in his bags.

COMPLAINT FOR CIVIL FORFEITURE 3

15. Ansari further also claimed ownership of the third bag, the one in the possession of the 17-year-old juvenile.

16. The juvenile agreed that the bag and all the bag's contents belonged to Ansari, despite that the juvenile had it checked through as his own luggage and that it bore his name on the claim check. The juvenile, with no apparent criminal record, was transporting it for Ansari.

17. Zaman came in from outside. The DEA Task Force agent speaking to Ansari introduced himself and advised Zaman that he was not under arrest and free to leave.

18. When asked, Zaman claimed one of the two bags Ansari had claimed from the carousel.

19. Both Ansari and Zaman spoke with the agents and gave consent to search the bags.

20. In the two bags remaining in the possession of Ansari – that is, excluding the one claimed by Zaman – the agents found $116,000 in cash. Of the cash, there were 4,552 twenty-dollar bills, amounting to $91,040. The cash was bundled in numerous rubber-banded stacks, with the stacks haphazardly shoved in shoes, pockets of jeans, and other clothes.

21. The agents found a residual amount of marijuana lying loose in one of those two bags. Ansari and the 17-year-old juvenile claimed to have no idea how the marijuana got there.

22. An agent asked Zaman how much money was in the bag he had claimed. He said he did not know.

23. A consensual search of that bag revealed $38,800 in cash inside. The money was also rubber banded in stacks and haphazardly stuffed in shoes and clothing. Of that cash, there were 1,874 twenty-dollar bills, amounting to $37,480.

24. Both Ansari and Zaman said they were staying in San Francisco to shop, but later admitted that they had no reservations anywhere to stay. Ansari later stated that his plan was to drive out of the state.

25. Controlled substances are transported routinely from California to the east coast by car.

26. When queried about his income, Ansari stated he made approximately $20,000 the previous year, but he explained he could not prove that he was employed anywhere because he was paid "under the table."

27. Zaman stated he was unemployed. He stated his reason for coming to San Francisco was

COMPLAINT FOR CIVIL FORFEITURE 4

to attend a wedding, but they all had missed the wedding.

28. In further questioning, the agents were told the wedding was scheduled for earlier in the day. The claim was incredible because, given the timing of their originally booked flight, they would have missed the purported wedding.

29. A sophisticated police canine arrived. It is trained and certified in the detection of controlled substances, including marijuana, on currency and is trained only to alert to the ephemeral by-products of controlled substances and not to commonly circulated currency. The police canine alerted to the presence of a controlled substance on the money in each of the luggage bags.

30. An analysis of Zaman's financial activities reflects that, though he lives in Maryland, he engages in "funneling" money to individuals in California who have a history of drug trafficking. A few examples follow, with the names anonymized. In October 2016, Zaman sent multiple money orders to an individual in the San Francisco Bay Area who has an extensive criminal history in drug trafficking, including a prior felony conviction for possessing with the intent to sell a controlled substance as well as numerous arrests for possession of marijuana for sale. Using cash, Zaman purchased money orders only days apart at a Food Lion in Virginia. This conduct is consistent with a pattern of structured purchases to conceal the money order purchases and payments from federal financial reporting requirements, a federal crime. In another example, Zaman shared a Wells Fargo bank account with a person who has an extensive criminal history, including a felony conviction for distribution of marijuana in 2014, among other convictions. In the same late 2016 time period, Zaman deposited approximately $20,000 in cash into the shared Wells Fargo Bank account at different locations in Virginia in a short time period. The deposits were broken up into smaller deposits over a dozen days. The cash deposits ranged from approximately $1,000 to $5,000. ATMs were used. Each time this other person on the account, whose own personal account had been closed, promptly withdrew the cash in the west. The activity involved conduct consistent with structuring small deposits to evade federal bank reporting requirements, a federal crime. Similar conduct continued and involved Zaman and multiple banks, with deposits in east coast states via ATMs and with withdrawals in California. Structuring is a violation of federal criminal law.

Accordingly, the defendant currency was seized and is forfeitable under Titles 18 and 21 of the

United States Code.

## VIOLATIONS

31. The United States incorporates paragraphs one through 30 as though fully set forth.

32. Section 846 of Title 21 of the United States Code prohibits a person from attempting, conspiring, or agreeing to distribute or to possess with the intent to distribute a controlled substance, including marijuana.

33. Section 841 of Title 21 of the United States Code prohibits the distribution, dispensing, manufacture, or the possession with the intent to distribute, manufacture, or dispense, a controlled substance, including marijuana.

34. Section 881(a)(6) of Title 21 of the United States Code provides for the forfeiture of all money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Subchapter 1, Chapter 13 of Title 21 United States Code, all proceeds traceable to such an exchange, and all money used or intended to be used to facilitate any violation of Subchapter I, Chapter 13 of Title 21 United States Code.

35. In light of the foregoing, the defendant currency listed herein is subject to judicial forfeiture.

*****

WHEREFORE, plaintiff United States of America requests that due process issue to enforce the forfeiture of the above listed defendant currency; that notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment of forfeiture be entered; that the Court enter a judgment forfeiting the defendant currency; and that the United States be awarded such other relief as may be proper and just.

DATED: March 20, 2018

Respectfully submitted,

ALEX G. TSE
Acting United States Attorney

GREGG W. LOWDER
Assistant United States Attorney

## VERIFICATION

I, JOSEPH BAKER, state as follows:

1. I am a Task Force Agent with the U.S. Drug Enforcement Administration. I am an agent assigned to this case. As such, I am familiar with the facts and the investigation leading to the filing of this Complaint for Forfeiture.

2. I have read the Complaint and believe the allegations contained in it to be true.

\* \* \* \* \*

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20nd day of March, 2018, in San Francisco, California.

JOSEPH BAKER
Task Force Agent
Drug Enforcement Administration

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**DEFENDANTS**
APPROXIMATELY $38,800 IN UNITED STATES CURRENCY

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gregg W. Lowder, United States Attorney's Office, 450 Golden Gate Avenue, 9th floor, San Francisco, CA 94102, 415-436-7200

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment Of Veteran's Benefits
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury -Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury – Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities– Employment
- 446 Amer. w/Disabilities–Other
- 448 Education

**PRISONER PETITIONS — HABEAS CORPUS**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**OTHER**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee– Conditions of Confinement

**FORFEITURE/PENALTY**
- [X] 625 Drug Related Seizure of Property 21 USC § 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC § 158
- 423 Withdrawal 28 USC § 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent–Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS–Third Party 26 USC § 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC § 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced & Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation–Transfer
- [ ] 8 Multidistrict Litigation–Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 21, United States Code, Section 881
Brief description of cause:
Drug Related Forfeiture

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S), IF ANY *(See instructions)*:
JUDGE
DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)
*(Place an "X" in One Box Only)*
- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE
- [ ] EUREKA-MCKINLEYVILLE

DATE 03/20/2018    SIGNATURE OF ATTORNEY OF RECORD